FILED
RICHARD W. NAGEL
CLERK OF COURT
2018 JUL 11 PM 4:01
U.S. DISTRICT COURT
SOUTHERN DIST OHIO
WEST DIV CINCINNATI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ORLANDO CARTER,
Plaintiff,

vs

COMMISSIONER CHARLES FURMON, *et al.*,
Defendants.

Case No. 1:18-cv-400

Black, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate at the Federal Correctional Institute in Ashland, Kentucky (FCI Ashland), has filed a twenty-four count complaint against defendants Commissioner Charles Furmon; Butler County Board of Commissioners; Fifth Third Bank; John Boehner; Senator William Coley; Kevin Gormley; Janel McBain; John Paul Reiser; Vince Rinaldi; Ralph Martinez; and Thomas Barnhart, III. (Doc. 1). In his complaint, plaintiff alleges constitutional violations under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and 42 U.S.C. §§ 1981, 1983, 1985, and 1986. (*Id.*). Plaintiff also alleges ancillary state-law tort claims and a claim for declaratory relief under 28 U.S.C. § 2201. (*Id.*). Plaintiff has paid the filing fee.

This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b). Although plaintiff has paid the filing fee, the Court is required by statute to screen the complaint to determine if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or states a claim against a person who is immune from suit. *See McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir.

1997) ("A district court is required to screen all civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is pro se, or is represented by counsel as the statute does not differentiate between various civil actions brought by prisoners"), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199, 206 (2007); *see also LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

**Screening of Complaint**

**A.     Legal Standard**

A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token,

however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

B.  **Plaintiff's Complaint**

In 2009, following a seventeen-day trial, plaintiff was convicted of eleven fraud and fraud-related counts and sentenced to fifteen years in prison. *See United States v. Carter*, No. 1:08-cr-51 (S.D. Ohio June 9, 2010).[1] (*See also* Doc. 1, at PageID 3). As is relevant here, the

---

[1] This Court has authority to "take judicial notice of proceedings in other courts of record" and therefore may review the record provided in Case No. 1:08-cr-051 on screening of plaintiff's complaint. *See Rodic v.*

government asserted that plaintiff defrauded Fifth Third Bank in part by knowingly concealing a guaranty that plaintiff and others had given to return a $4 million loan to National City Bank. *See Carter*, No. 1:08-cr-51 (Doc. 172, at PageID 4198-99). (*See also Carter*, No. 18-400 (Doc. 1, at PageID 40)).

In the instant lawsuit, plaintiff alleges that the United States Attorney for the Southern District of Ohio conceded in a February 8, 2018 response to a request for admission that "the U.S. Department of Justice . . . and the FBI received fake and bogus PNC Bank fka National City Bank . . . documents from PNC executives purporting to show the existence of a $4,000,000 debt . . . purportedly owed by [plaintiff] and/or Dynus [Corporation]." (Doc. 1, at PageID 2).[2] Plaintiff further alleges that in his criminal case "Assistant United States Attorneys . . . referenced and emphasized the non-existent $4,000,000 debt over 72 times." (*Id*. at PageID 19-20). He claims that "[t]o win their conviction against [plaintiff] for bank fraud, federal prosecutors relied on the fake $4,000,000 debt created and fraudulently concealed by Defendants." (*Id*. at PageID 20). According to plaintiff, "[b]ut for the creation of the fake and bogus bank documents," he "would not be wrongfully incarcerated, 60 people would not have lost their jobs, and Dynus, a minority-owned, multi-million dollar business would still be running." (*Id*. at PageID 11).

For relief, plaintiff seeks monetary, injunctive, and declaratory relief.

---

*Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980) (quoting *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969)); *Saint Torrance v. Firstar*, 529 F. Supp.2d 836, 838 n.1 (S.D. Ohio 2007); *see also Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)) (involving judicial notice of on-line records).

[2]Plaintiff is the founder and owner of Dynus Corporation. (Doc. 1, at PageID 1).

C.  **Analysis of Plaintiff's Complaint**

1.  *Plaintiff's Claims under Bivens (Claims One, Two, and Three), § 1981 (Claim Seventeen), § 1983 (Claims Four and Twenty), § 1985 (Claim Eight), and § 1986 (Claim Nine) Are Barred by the Statute of Limitations.*

Plaintiff's §§ 1981, 1983 and 1985 claims are governed by the two-year statute of limitations found in Ohio Rev. Code § 2305.10. *See Tolbert v. Ohio Dep't of Transp.*, 172 F.3d 934, 937, 939 (6th Cir. 1999) (stating that two-year statute of limitations applies to claims under §§ 1981 and 1983); *see also Mickey v. McFaul*, No. 1:10-cv-1350, 2010 WL 3221921, at *2 (N.D. Ohio Aug. 13, 2010) (stating that two-year statute of limitations applies to claims under § 1985). The same two-year statute of limitations governs plaintiff's *Bivens* claim. *See McSurely v. Hutchison*, 823 F.2d 1002, 1005 (6th Cir. 1987) (stating that *Bivens* actions are governed by the same personal injury statute of limitations that applies to § 1983). Section 1986 contains a one-year limitation period. 42 U.S.C. § 1986.

Although the statute of limitations is normally an affirmative defense raised by defendants in an answer, "if a statute of limitations defense clearly appears on the face of a pleading, the district court can raise the issue sua sponte." *Watson v. Wayne Cty.*, 90 F. App'x 814, 815 (6th Cir. 2004) (citing *Pino v. Ryan*, 49 F.3d 51, 53-54 (2d Cir. 1995)); *see also Alston v. Tenn. Dep't of Corr.*, 28 F. App'x 475, 476 (6th Cir. 2002) ("Because the statute of limitations defect was obvious from the face of the complaint, sua sponte dismissal of the complaint was appropriate."). Moreover, "[w]here a particular claim is barred by the applicable statute of limitations, it does not present an arguable or rational basis in law or fact and therefore may be dismissed as frivolous under § 1915(e)(2)." *Fraley v. Ohio Gallia Cty.*, No. 97-3564, 1998 WL 789385, at *1 (6th Cir. Oct. 30, 1998).

The conduct underlying plaintiff's *Bivens* claims (Claims One, Two, and Three) as well as his claims under §§ 1981 (Claim Seventeen), 1983 (Claims Four[3] and Twenty), 1985 (Claim Eight) and 1986 (Claim Nine) occurred prior to or during his 2009 trial. Indeed, these claims are based upon plaintiff's assertion that in convicting him for bank fraud the government relied on a $4 million debt that did not exist. (*See* Doc. 1, at PageID 48-50 (plaintiff's *Bivens* claims); 50-51, 61 (plaintiff's claims under § 1983); 53-54 (plaintiff's § 1985 claim); and 54-55 (plaintiff's § 1986 claim)). Plaintiff also appears to allege in Claim Two that defendants Gormley, McBain, and Reiser disclosed sensitive and private information regarding his financial matters without his consent. (*See* Doc. 1, at PageID 49).

Plaintiff claims that he could not have raised his claims based on the alleged non-existence of the $4 million debt before he received the United States Attorney's February 8, 2018 response to his request for admission. (*See* Doc. 1 at PageID 42). Plaintiff's complaint, however, contains as an exhibit a December 17, 2015 letter from the Warden at the Federal Correctional Institution in Elkton, Ohio, stating that plaintiff was claiming at that time that information in his Presentence Investigation Report was inaccurate because "PNC Bank certified records do not show an agreement, contract, or obligation between PNC Bank and Dynus Corporation, which obligated him to pay the $4,000,000.00." (Doc. 1-1, at PageID 77).[4]

---

[3] Although Claim Four is titled as a *Bivens* claim, plaintiff alleges that defendants Gormley, McBain, and Reiser violated his Fourteenth Amendment rights to due process and equal protection under 42 U.S.C. § 1983. (*See* Doc. 1, at PageID 50-51). The Court therefore understands this claim as being raised under § 1983. However, even if Claim Four is properly construed as a *Bivens* claim, it is subject to dismissal for the reasons stated herein.

[4] Moreover, plaintiff similarly argued that the $4 million debt did not exist in a Fed. R. Civ. P. 60 motion for relief from judgment that he filed in his criminal case on July 13, 2015, more than two years before he filed this action. (*See Carter*, No. 1:08-cr-51 (Doc. 190, at PageID 4311) ("The grounds [sic] for this motion is a fraud perpetrated by an officer of the court in the filing of false documents and statements regarding the centerpiece of the government's case, the purported $4 million loan guaranty.")). The District Court transferred plaintiff's motion to the Sixth Circuit as a motion for authorization to file a second or successive motion to vacate, and the Sixth Circuit denied the motion. *See In re Carter*, No. 15-4390 (6th Cir. Nov. 1, 2016).

Plaintiff thus could have brought these claims at least by December 17, 2015, more than two years before he filed this action. Moreover, any allegedly improper disclosure of plaintiff's personal financial information by defendants Gormley, McBain, and Reiser would necessarily have occurred prior to plaintiff's 2009 convictions.

Because it is clear from the face of plaintiff's complaint that the statute of limitations for bringing his claims under *Bivens* and §§ 1981, 1983, 1985, and 1986 expired before plaintiff filed this action, these claims (Claims One through Four, Eight, Nine, Seventeen, and Twenty) should be dismissed for failure to state a claim.

>
> **2.    *Alternative Grounds for Dismissing Plaintiff's Claims under Bivens (Claims One, Two, and Three), § 1981 (Claim Seventeen), § 1983 (Claims Four and Twenty), § 1985 (Claim Eight), and § 1986 (Claim Nine).***
>
> **a.    Plaintiff's *Bivens* Claims (Claims One, Two, and Three) Are Barred under *Heck v. Humphrey*, 512 U.S. 477 (1994).**

With the exception of plaintiff's claim that his private financial information was improperly disclosed, which does not appear to be barred by *Heck*,[5] plaintiff's *Bivens* claims are alternatively barred under the holding in *Heck*.

In *Heck*, the United States Supreme Court held that a civil action under § 1983 cannot proceed if the action serves to undermine a criminal conviction not reversed on appeal or vacated by expungement or by writ of habeas corpus. *Heck*, 512 U.S. at 486-87. The holding in *Heck* has been extended to actions seeking injunctive or declaratory relief. *See Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997). *Heck*'s litigation bar applies with equal force to claims under *Bivens*. *Robinson v. Jones*, 142 F.3d 905, 906-07 (6th Cir. 1998).

---

[5]As set forth above, this sub-claim is barred by the statute of limitations.

The core of each of Claims One, Two, and Three[6] is plaintiff's allegation that defendants Gormley and McBain, who are Federal Bureau of Investigation Agents[7] (Claims One, Two, and Three), and Reiser, who is a Bankruptcy Trustee for the United States Department of Justice[8] (Claims Two and Three), falsely claimed that plaintiff and/or Dynus had a $4 million debt that did not exist. (*See* Doc. 1, at PageID 48-50). Plaintiff does not allege that his convictions have been reversed on appeal or vacated by expungement or by writ of habeas corpus.[9] Because plaintiff seeks to challenge the existence of the $4 million debt that the government asserted he concealed as part of a scheme to defraud Fifth Third Bank, it is clear that plaintiff seeks in Claims One, Two, and Three to undermine the validity of his conviction. These claims, with the exception of plaintiff's sub-claim that his private financial information was improperly disclosed, are alternatively barred by *Heck*.

    **b.    Plaintiff's § 1983 Claims (Claims Four and Twenty) Fail to State a Claim or Are Barred by *Heck***

In Claim Four, plaintiff alleges that defendants Gormley, McBain, and Reiser violated his Fourteenth Amendment rights to due process and equal protection under § 1983. (*See* Doc. 1, at PageID 50-51). As federal officials, these defendants cannot be sued under § 1983. *See Johnson*

---

[6]Although plaintiff brings Claims One, Two, and Three under the Fourteenth Amendment, the Court understands these claims, which are brought against federal officials, as being brought under the Fifth Amendment. *See Aggarwal v. Sec'y of State*, 951 F. Supp. 642, 649 (S.D. Tex. 1996) (explaining that the due process clause of the Fifth Amendment pertains to the federal government and the Fourteenth Amendment clause pertains to the states). Further, although the Fifth Amendment "does not itself contain a guarantee of equal protection, [it] instead incorporates, as against the federal government, the Equal Protection Clause of the Fourteenth Amendment." *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011) (explaining courts "evaluate equal protection claims against the federal government under the Fifth Amendment just as [they] would evaluate equal protection claims against state and local governments under the Fourteenth Amendment.").

[7]*See* Doc. 1, at PageID 13.

[8]*See id.*

[9]On April 26, 2018, the Sixth Circuit Court of Appeals denied plaintiff's most recent motion for an Order authorizing the district court to consider a second or successive motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. *See In re Carter*, No. 18-3080 (6th Cir. Apr. 26, 2018).

*v. United States*, No. 2:16-cv-1064, 2017 WL 5129000, at *2 (S.D. Ohio 2017). Thus, Claim Four fails to state a claim for this alternative reason.

In Claim Twenty, brought against Butler County, Ohio, plaintiff alleges that defendant Furmon "a policymaker and final decision maker with authority, ratified the illegal and wrongful conduct of Butler County, Ohio Officials regarding the fraudulent concealment of a $4,000,000 debt." (Doc. 1, at PageID 61).[10] Plaintiff further alleges that Furmon "knew of the wrongdoing and cover-up," "chose to join the conspiracy regarding the same," and "actively took steps to ratify the wrongful conduct of Butler County, Ohio Officials." (*Id.*). Plaintiff also claims that Furmon "called 5/3rd Bank, and falsely informed the bank that [plaintiff] had a $4,000,000 debt with PNC in order to conceal and cover-up wrongdoing by himself, [Butler County Officials], other Defendants and conspirators." (*Id.*, at PageID 17). Because plaintiff seeks in Claim Twenty to undermine the government's assertion that he defrauded Fifth Third Bank by knowingly concealing a guaranty to return a $4 million loan to National City Bank, Claim Twenty, alternatively, is barred by *Heck*.

### c. Plaintiff's §§ 1985 and 1986 Claims (Claims Eight and Nine) Are Barred by *Heck*.

In Claim Eight, plaintiff seeks to sue all defendants under 42 U.S.C. § 1985. (Doc. 1, at PageID 53-54). In Claim Nine, plaintiff seeks to sue all defendants under 42 U.S.C. § 1986. (*Id.* at PageID54-55).

Section 1985 prohibits conspiracies to deprive a person of equal protection of the laws.

---

[10] A plaintiff raising a municipal liability claim under § 1983 must demonstrate that the alleged violation occurred because of a municipal policy or custom. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Because Claim Twenty is barred under the statute of limitations and by *Heck*, the Court need not determine whether plaintiff has stated an actionable *Monell* claim.

*See Webb v. United States*, 789 F.3d 647, 671-72 (6th Cir. 2015). "Section 1986 prohibits the aiding and abetting of violations of § 1985 and thus is derivative of § 1985." *Nicolson v. City of Westlake*, 76 F. App'x 626, 629 (6th Cir. 2003) (citing *Browder v. Tipton*, 630 F.2d 1149, 1155 (6th Cir. 1980)). In Claim Eight, plaintiff alleges that defendants and others "blamed and conspired to blame [him] for the purported $4,000,000 debt" and "acted to harm [him] because of his race." (Doc. 1, at PageID 54).

In Claim Eight, plaintiff continues to call into question the existence of the $4 million debt and thus continues to attempt to undermine his conviction. Therefore, Claim Eight, alternatively, is barred under *Heck*. *See Lanier v. Bryant*, 332 F.3d 999, 1005-06 (6th Cir. 2003). Plaintiff's derivative claim under § 1986 likewise fails to state a claim. *See Browder v. Tipton*, 630 F.2d 1149, 1155 (6th Cir. 1980) (stating that there can be no violation of § 1986 without a predicate violation of § 1985).

### d. Plaintiff's § 1981 Claim (Claim Seventeen) Is Barred by *Heck*.

In Claim Seventeen, plaintiff asserts that defendants "treated [him] differently than white citizens regarding a purported $4,000,000 debt as confirmed by FBI 302 Statements,"[11] "falsely and misleadingly claim[ed] to the FBI and the US Attorney that they created the $4,000,000 debt with [plaintiff] based on [plaintiff's] race as a black man," and "wrongfully and tortiously interfered with [plaintiff's] existing contracts based on [plaintiff's] race as a black man."[12] (Doc. 1, at PageID 59). Claim Seventeen depends on plaintiff's assertion that the $4 million debt did

---

[11]Plaintiff alleges in the body of his complaint that "similarly-situated white business owners [were not falsely accused] of having and owing a $4,000,000 debt that never existed with PNC." (Doc. 1, at PageID 25).

[12]Plaintiff alleges: "Having been wrongfully and publically attached to a fake and bogus $4,000,000 debtor account by Defendants which Defendants publically claimed [plaintiff] failed to pay, [plaintiff's] good name, likeness and/or persona was seriously injured and harmed within the $200 Billion telecommunication industry and the capital markets related to the same." (Doc. 1, at PageID 31).

10

not exist and thus, alternatively, is barred under *Heck*.

      *3.*      ***Plaintiff's Claims for Injunctive Relief (Claims Five and Nineteen) Should Be Dismissed.***

Claim Five seeks a temporary restraining order or preliminary injunction to remedy the alleged violations of §§ 1981, 1985 and 1986. (Doc. 1, at PageID 51-52). Claim Nineteen seeks a permanent injunction to remedy the alleged violations of these statutes. (*Id*. at PageID 60-61). Because the Court recommends dismissing plaintiff's §§ 1981, 1985 and 1986 claims (Claims Eight, Nine, and Seventeen), there is no basis for injunctive relief. Accordingly, the Court should dismiss Claims Five and Nineteen.

      *4.*      ***Plaintiff's Declaratory Judgment Claim (Claim Six) Should Be Dismissed.***

Because of the disposition of all other federal claims, the Court lacks jurisdiction to hear plaintiff's Declaratory Judgment Act claim. *See Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950) (explaining that the Declaratory Judgment Act on its own does not support federal jurisdiction). Accordingly, the Court should dismiss Claim Six for declaratory relief.

      *5.*      ***The Court Should Decline Jurisdiction Over Plaintiff's State-Law Claims.***

In his complaint, plaintiff alleges ancillary state-law claims of fraud (Claim Seven), intentional infliction of emotional distress (Claim Ten), negligent infliction of emotional distress (Claim Eleven), invasion of privacy–intrusion into seclusion (Claim Twelve), invasion of privacy–false light (Claim Thirteen), invasion of privacy–misappropriation (Claim Fourteen), civil conspiracy (Claim Fifteen), fraudulent concealment (Claim Sixteen), tortious spoliation of evidence (Claim Eighteen), negligence (Claim Twenty-One), gross negligence (Claim Twenty-Two), breach of contract (Claim Twenty-Three), and breach of the covenant of good faith and fair dealing (Claim Twenty-Four). Because plaintiff has failed to state a cognizable federal claim

11

for relief, the Court should decline to exercise supplemental jurisdiction over plaintiff's state-law claims pursuant to 28 U.S.C. §1367(c)(3).

Accordingly, in sum, it is **RECOMMENDED** that the Court **DISMISS** plaintiff's claims under *Bivens* (Claims One, Two and Three), § 1981 (Claim Seventeen), § 1983 (Claims Four and Twenty), § 1985 (Claim Eight), and § 1986 (Claim Nine), pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), because plaintiff has failed to state a claim upon which relief may be granted. Moreover, it is **RECOMMENDED** that the Court **DISMISS without prejudice** Plaintiff's claims for injunctive relief (Claims Five and Nineteen) and plaintiff's claim for declaratory relief (Claim Six). Because plaintiff has failed to state a cognizable federal claim for relief, it is further **RECOMMENDED** that the Court **DECLINE to exercise supplemental jurisdiction** over plaintiff's remaining state-law claims (Claims Seven, Ten through Sixteen, Eighteen, and Twenty-One through Twenty-Four) and **DISMISS** these claims **without prejudice**.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The Court **DISMISS** plaintiff's claims under *Bivens* (Claims One, Two and Three), § 1981 (Claim Seventeen), § 1983 (Claims Four and Twenty), § 1985 (Claim Eight), and § 1986 (Claim Nine), pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), because plaintiff has failed to state a claim upon which relief may be granted.

2. The Court **DISMISS without prejudice** Plaintiff's claims for injunctive relief (Claims Five and Nineteen) and plaintiff's claim for declaratory relief (Claim Six).

3. The Court **DECLINE to exercise supplemental jurisdiction** over plaintiff's remaining state-law claims (Claims Seven, Ten through Sixteen, Eighteen, and Twenty-One

through Twenty-Four) and **DISMISS** these claims **without prejudice**.

4. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. *See McGore v.* 114 F.3d 601 (6th Cir. 1997).

/s/ Stephanie K. Bowman
Stephanie K. Bowman
United States Magistrate Judge

13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ORLANDO CARTER,<br>Plaintiff,<br><br>vs<br><br>COMMISSIONER CHARLES FURMON, et al.,<br>Defendants. | Case No. 1:18-cv-400<br><br>Black, J.<br>Bowman, M.J. |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).